[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT (# 124) ANDMOTION TO REOPEN JUDGEMENT (# 127)
The plaintiff is and has been employed as a plumber in the City University of the city of New York. The plaintiff established residence in Connecticut sometime in 1992, brought this action CT Page 4831 returnable to June 22, 1993 and judgment was entered on November 17, 1994 after a trial of the issues before Judge Novack. No appeal was filed, and the judgment is final. Prior to and ever since entry of judgment the defendant has been attempting to have her periodic alimony order enforced via a wage withholding garnishment. The plaintiff cooperated, attempting to have a voluntary garnishment put in place (See Document # 121 in file) by written request from his attorney. All efforts to bring about a direct withholding of the alimony by his employer has failed.
This judgment must be enforced in New York state. The defendant is prepared to enlist the enforcement process in New York.
Civil contempt is coercive in nature and incarceration or other penalty is designed to obtain obedience of a court order. If the contemnor has begun to display a willingness to comply, the court should not invoke the court's civil contempt power, Connollyv. Connolly, 191 Conn. 468. Even if the violation is found to be wilful, the ability to purge himself must be within his power, Maysv. Mays, 193 Conn. 261.
The solution to this present allegation of failure to pay the alimony order in full on a current basis lies in the payroll deduction to be secured against the plaintiff's wages. This can only be done in New York where his employer is located.
Invoking the Connolly principle cited above, the defendant's motion for contempt is denied.
The plaintiff has failed to demonstrate any change in circumstances since the entry of final judgment, and his motion to reopen is denied.
With these rulings, there is nothing further pending in this case.
HARRIGAN, J.